IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
      Plaintiff,

v.                                      Criminal No. 1:14-cr-56-1

SARAH SNYDER,
      Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned for consideration of Defendant Sarah Snyder's "Motion to Suppress and Request for Franks Hearing," filed on September 17, 2014. (Docket No. 37.) The Government filed its response on September 19, 2014. (Docket No. 40.) United States District Judge Irene M. Keeley referred this matter to the undersigned on September 18, 2014. (Docket No. 39.) On October 8, 2014, came Defendant, in person and by counsel, Jeff Harris, and the United States by its Assistant United States Attorney, David Perri, for hearing on Defendant's motion. The parties presented no testimony, and the Court took no evidence.

### I. PROCEDURAL HISTORY

On July 8, 2014, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment against Defendant and co-defendant James Ash, charging them with several counts of methamphetamine-related violations. (Docket No. 1.) Defendant was arraigned before the undersigned on July 28, 2014, at which time she entered a plea of "Not Guilty" to all counts. On August 15, 2014, Defendant filed a motion to continue trial. (Docket No. 29.) On August 27, 2014, Judge Keeley entered an Order granting Defendant's motion to continue. According to that Order, trial is scheduled to begin on November 17, 2014. (Docket No. 35.)

## II. CONTENTIONS OF THE PARTIES

Defendant contends that all evidence seized from her residence on April 6, 2013, should be suppressed because:

1. Paragraph five (5) of the affidavit in support of the search warrant contains several false statements; and

2. If those statements are removed from the affidavit, there is insufficient content remaining in the affidavit to support a finding of probable cause.

(Docket No. 37 at 2-5.) Defendant requests a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), as to these issues. (Id. at 1.)

The Government opposes Defendant's motion to suppress, arguing that:

1. Defendant cannot show that the allegedly false statements were knowingly made with the intent to mislead; and

2. The remaining information in the affidavit was sufficient to allow the magistrate to conclude that the evidence and contraband sought by the warrant would be found in the place to be searched.

(Docket No. 40 at 3-7)

## III. THE AFFIDAVIT

In the affidavit supporting the search warrant for Defendant's residence, West Virginia State Police Corporal R. P. Smith stated as follows:

> On 03/26/2013, the undersigned obtained information from CI #1, who advised that Sarah Snyder was driving into Glenville to meet with Jimmy Ash in order to purchase pseudoephedrine for him. On the same day, the undersigned officer observed Sarah Snyder leave from the direction of Rite Aid in Glenville, WV. That same day, the undersigned officer received information from NPLEx that Sarah Snyder did in fact purchased [sic] Pseudoephedrine at the Rite Aid in Glenville, WV.
>
> On 04/03/2013, the undersigned officer received additional information from CI #1 that Sarah Snyder moved to Spencer, WV, and was planning to conduct a meth cook inside her residence prior to moving out. CI #1 further stated that Sarah Snyder made contact in regards to cleaning out some meth material out of the aforementioned

residence from a previous cook.

On 04/03/2013, the undersigned officer spoke again with CI #1 who informed the undersigned officer that Sarah Snyder planned to conduct a meth cook at the aforementioned residence either Friday or Saturday.

On 04/05/2013, the undersigned officer spoke with CI #1 who advised that Sarah Snyder planned to conducted [sic] a meth cook at her residence with Jimmy Ash in the next 24 hours.

Additional information, NPLEx watch of Sarah Snyder show that both her and Jimmy Ash are frequent purchaser [sic] of pseudoephedrine. With both meeting there [sic] purchase limits under state law on a monthly bases [sic]. A few hours, prior, Sarah Snyder's vehicle was observed being at the precised [sic] location, with additional research showing that Sarah Snyder purchased pseudoephedrine at the same CVS in Weston, during the same time as one of the person [sic] arrested in the operation of the meth lab.

Finally, CI #1 has provided information in pervious [sic] investigation that lead [sic] to drugs arrest.

CI #2 has provided information in pervious [sic] investigation that had lead [sic] to the arrest and a conviction.

(Docket No. 37-1.)

## IV.   ANALYSIS

At the hearing, counsel for Defendant indicated that he was requesting a <u>Franks</u> hearing because of the inclusion of the following statement in the affidavit: "Additional information, NPLEX watch of Sarah Snyder show that both her and Jimmy Ash are frequent purchaser [sic] of pseudoephedrine. With both meeting there [sic] purchase limits under state law on a monthly bases [sic]." Counsel for Defendant characterized this statement as the "meat" of the affidavit and argued that the affiant, Corporal Smith, intentionally or recklessly included that statement without regard for the truth. Counsel argued that Defendant was not a frequent purchaser and that at no time had she ever met her purchase limit under state law. The Government argued that Defendant had not met

3

her burden for a Franks hearing.

In Franks, "the Supreme Court held that in certain narrowly defined circumstances a defendant can attack a facially sufficient affidavit." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). Specifically, the Franks Court created a rule "limited scope, 438 U.S. at 167, and recognized a strong "presumption of validity with respect to the affidavit supporting the search warrant," id. at 171. As the Fourth Circuit has stated:

> The rule requires that a dual showing be made which incorporates both a subjective and an objective threshold component. In order even to obtain an evidentiary hearing on the affidavit's integrity, a defendant must first make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." . . . This showing "must be more than conclusory" and must be accompanied by a detailed offer of proof. . . . In addition, the false information must be essential to the probable cause determination: "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."

Colkley, 899 F.2d at 300 (internal citations omitted). This rule also applies when affiants omit material facts "with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading." United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986). Furthermore,

> [i]f a Franks hearing is appropriate and an affiant's material perjury or recklessness is established by a preponderance of the evidence, the warrant "must be voided" and evidence or testimony gathered pursuant to it must be excluded. . . . A warrant that violates Franks is not subject to the good-faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 923, 104 S. Ct. 3405, 3420, 82 L. Ed. 2d 677 (1984).

Colkley, 899 F.2d at 300 (internal citation omitted).

To support her argument that Corporal Smith made the statement quoted above intentionally or recklessly with disregard for the truth, Defendant offered printouts from the National Precursor Log ("NPLEX") for both her and co-defendant James Ash's pseudoephedrine purchases during the

4

relevant time. Defendant's NPLEX report indicates that she purchased pseudoephedrine on December 3 and 26, 2012, February 11 and 17, 2013, March 26, 2013, and April 1, 2013. (Docket No. 37-2.) Co-Defendant Ash's NPLEX report indicates that between July 23, 2011, and April 22, 2013, Ash purchased pseudoephedrine twenty-seven (7) times and had eight (8) attempted purchases that were blocked. (Docket No. 37-3.) West Virginia state law provides that an individual could purchase up to 7.2 grams of pseudoephedrine every thirty (30) days. W. Va. Code § 60A-10-4(a).

Defendant has not met the first prong of <u>Franks</u>. She has not provided, nor has the undersigned located, any case defining the word "frequent" when used to characterize pseudoephedrine purchases. In her motion, Defendant states as follows:

> The printout shows that Defendant Snyder made a total of only six (6) purchases during that time period–two in December 2012, two in February 2013, one in March 2013 and one in April 2013. In addition, the printout shows that none of her purchases or attempted purchases were blocked for being over the monthly limit. In contrast, Co-Defendant Ash made 27 purchases during the period 2011-2013, and had 8 attempted purchases blocked. . . . Thus, Defendant Snyder was clearly not a frequent purchaser of pseudoephedrine and certainly did not meet the state purchase limit on a monthly basis, as alleged in the affidavit.

(Docket No. 37 at 3.) Defendant is attempting to compare two vastly different periods of time. The undersigned notes that from December 2012 until April 2013, co-defendant Ash made nine (9) purchases of pseudoephedrine and had seven (7) purchases blocked. Accordingly, co-defendant Ash made only three (3) successful purchases more than Defendant did during that five-month period. Given this, the undersigned cannot find that Corporal Smith "knowingly and intentionally, or with reckless disregard for the truth," included the statement that Defendant was a "frequent" purchaser of pseudoephedrine in the warrant affidavit. <u>Franks</u>, 438 U.S. at 155-56.

As noted above, Defendant also takes issue with the statement that she met her purchase limit under state law on a monthly basis. In its response, the Government concedes that this statement

"appears not to be correct as to Defendant Snyder." (Docket No. 40 at 4.) Nevertheless, Defendant has not presented any evidence of "deliberate prevarication" by Corporal Smith. United States v. Millar, 79 F.3d 338, 342 (2d Cir. 1996). Based on the Court's analysis during the hearing it appears Defendant did meet her purchase limit on one of the three 30 day monthly periods. Furthermore, there is no evidence that Corporal Smith affirmatively intended to mislead the State magistrate who issued the search warrant. See United States v. Chavez, 902 F.2d 259, 265 (4th Cir. 1990). Accordingly, the undersigned cannot find that Corporal Smith "knowingly and intentionally, or with reckless disregard for the truth," included the statement that Defendant met her purchase limit under state law on a monthly basis in the warrant affidavit. Franks, 438 U.S. at 155-56.

In sum, Defendant has not made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Id. Given this, the undersigned does not find it necessary to consider whether, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." Id. at 171-72. Accordingly, Defendant has not met her burden for receiving a Franks hearing, and her motion to suppress should be denied.

## V. RECOMMENDATION

For the reasons stated herein, it is **RECOMMENDED** that Defendant's "Motion to Suppress and Request for Franks Hearing" (Docket No. 37) be **DENIED**.

Any party may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13th day of October, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE