IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                      CRIMINAL NO. 1:14CR56-1
                                                (Judge Keeley)

**SARAH SNYDER,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 43]
AND DENYING DEFENDANT'S MOTION TO SUPPRESS
AND REQUEST FOR FRANKS HEARING [DKT. NO. 37]**

Pending before the Court is the motion to suppress and request for a <u>Franks</u> hearing (dkt. no. 37) filed by the defendant, Sarah Snyder, and the report and recommendation ("R&R") (dkt. no. 43) of the Honorable John S. Kaull, United States Magistrate Judge, recommending that the Court deny Snyder's motion. For the following reasons, the Court **ADOPTS** the R&R and **DENIES** the motion.

**I.**

On April 5, 2013, the West Virginia State Police applied for a search warrant for Snyder's residence. In the supporting affidavit, Corporal R.P. Smith ("Smith") stated that he had received information from two confidential informants concerning Snyder's plans to conduct a methamphetamine cook in her house on April 6, 2013. Smith further explained that both confidential informants previously had provided information leading to drug arrests.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING DEFENDANT'S MOTION TO SUPPRESS AND
REQUEST FOR FRANKS HEARING**

As additional support for probable cause, Smith advised that, based on records of the National Precursor Log Exchange ("NPLEx"), Snyder was a "frequent purchaser of pseudoephedrine" and had exhausted her purchase limits "on a monthly bases [sic]." Finally, Smith stated that, hours before a previous meth lab arrest in February 2013, Snyder's car had been observed at the location of the suspected meth lab, and she had purchased pseudoephedrine from the same drug store at the same time as one of the individuals arrested.

Based on Smith's affidavit, the Magistrate Judge of Gilmer County, West Virginia issued a search warrant, which the State Police executed on April 6, 2013.  According to the government, troopers found a variety of meth ingredients, paraphernalia, and cooking equipment.  On July 8, 2014, a federal grand jury indicted Snyder on six meth-related counts.

On September 17, 2014, Snyder filed a motion to suppress "any and all evidence seized on April 6, 2013, from [her] residence," and requested a <u>Franks</u> hearing.  (Dkt. No. 37 at 1).  In particular, Snyder challenges the veracity of Smith's characterization of her as a "frequent" purchaser of pseudoephedrine, as well as his assertion that she had met her

purchase limit on a monthly basis. She further contends that, by striking the opposed statements from the affidavit, the remaining allegations do not provide a basis for probable cause. In response, the government argues that Snyder has failed to meet her burden in requesting a Franks hearing because (1) she cannot demonstrate that the purportedly false statements were knowingly made with an intent to mislead, and (2) that, notwithstanding, the remaining information in the affidavit forms the basis for probable cause.

In his R&R, Judge Kaull explained that he "cannot find that Corporal Smith 'knowingly and intentionally, or with reckless disregard for the truth,' included the statement that [Snyder] was a 'frequent' purchaser of pseudoephedrine in the warrant affidavit." (Dkt. No. 43 at 5). As to the statement that Snyder had met her purchase limits, he determined that "there is no evidence that Corporal Smith affirmatively intended to mislead the State magistrate who issued the search warrant." Id. at 6. Based on this reasoning, Judge Kaull concluded that it was unnecessary to consider whether the remaining statements in the affidavit supported a finding of probable cause for the warrant to issue.

Id.  Accordingly, he recommended that the Court deny Snyder's motion and her request for a Franks hearing.  Id.

Snyder objects to Judge Kaull's R&R on several grounds. First, she disputes his finding that Smith did not act "knowingly and intentionally, or with reckless disregard for the truth" when he characterized her purchases as "frequent."  Next, she contends that Judge Kaull incorrectly required a preliminary showing that the allegedly false statements were made "knowingly and intentionally," and asserts that she can meet her burden for purposes of a Franks hearing by demonstrating Smith's "reckless disregard for the truth."

**II.**

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added); see also Farmer v. McBride, 177 Fed. App'x 327, 330-31 (4th Cir. 2006) ("The district court is only required to review de novo those portions of the report to which specific objections have been made . . . .").  "As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are 'clearly

4

erroneous.'" Clark v. United States, No. 5:05CV147, 2008 WL 2704514, at *3 (N.D.W. Va. July 3, 2008). Finally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.

In Franks v. Delaware, the United States Supreme Court held as follows:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155-56 (1978). Under Fourth Circuit precedent, courts are to construe Franks "very strictly." Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995). Furthermore, they are required to apply a "two-part threshold test" in determining whether a Franks hearing is warranted: "(1) the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a warrant affidavit, and (2) the defendant shows that the false information was essential to the

5

probable cause determination."  Id. (citing United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)).  Finally, courts must remain mindful that "[t]he defendant's burden is a heavy one." United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994).

Under the first prong, Snyder must make a substantial preliminary showing that Smith made the two statements at issue with reckless disregard for their veracity.  In his affidavit, Smith stated that "NPLEX watch of Sarah Synder [sic] show that both her [sic] and [her co-defendant] are frequent purchaser [sic] of pseudoephedrine." (Dkt. No. 37-1 at 1).  In an attempt to meet her burden, Snyder has produced the NPLEx records of her pseudoephedrine purchases between December 3, 2012 and April 1, 2013, which show that she made six purchases during that period. (Dkt. No. 37-2 at 1-2).

Certainly, reasonable minds could differ as to whether six purchases of cold and allergy medications in a four-month span can be characterized as "frequent."  The Court, however, need not decide that issue because Smith could not have made a subjectively reasonable statement while at the same time harboring reckless disregard for its truth.  See United States v. Cican, 63 Fed. App'x 832, 835 (6th Cir. 2003) ("[M]ost circuits have adopted a

subjective test for recklessness . . . ."); United States v. Clapp, 46 F.3d 795, 801 n.6 (8th Cir. 1995) ("The test for determining whether an affiant's statements were made with reckless disregard for the truth is . . . whether, viewing all of the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.").

In his affidavit, Smith also stated that Snyder had met her monthly purchase limits for pseudoephedrine under state law. Snyder disputes the truthfulness of this statement. Under W. Va. Code § 60A-10-4(a), "a person may not purchase . . . more than seven and two-tenths grams [of pseudoephedrine] in a thirty-day period." The NPLEx records reflect that Smith's statement, made on April 5, 2013, was true for the thirty-day period between March 26, 2013 and April 25, 2013. Snyder purchased 3.6 grams of pseudoephedrine on March 26, 2013, and purchased another 3.6 grams on April 1, 2013. (Dkt. No. 37-2 at 1). Because she purchased 7.2 grams in a week, she had exhausted the statutory limit for that thirty-day period. Therefore, the Court adopts Judge Kaull's conclusion that Smith did not act with reckless disregard in

stating that Snyder "[met] [her] purchase limits under state law on a monthly bases [sic]."

**IV.**

The Court concludes that Snyder has failed to sustain her heavy burden of making a substantial showing that Smith made the allegedly false statements with reckless disregard for their truth. Therefore, the Court agrees with Judge Kaull that any discussion of the second prong of the two-part Franks test is unnecessary. For these reasons, it **ADOPTS** the R&R and **DENIES** Snyder's motion to suppress and request for a Franks hearing.

It is so **ORDERED.**

The Court directs the Clerk of Court to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: October 29, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE